IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE INSURANCE COMPANY | : | CIVIL ACTION |
| 414 Commerce Drive, Suite 100 | : | |
| Fort Washington, PA 19043 | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | |
| | : | |
| DENNIS GLYNN | : | |
| 13470 Damar Drive | : | |
| Philadelphia, PA 19916-1810 | : | |
| and | : | NO. 02-CV-3740 |
| EDWARD KAISER | : | |
| 9913 Crestmont Avenue | : | |
| Philadelphia, PA 19114 | : | |

## **ORDER**

AND NOW, this           day of             , 2003, it is hereby ORDERED and DECREED that Defendant, Edward Kaiser's Motion for Summary Judgment is hereby GRANTED.

 

 

J.T. GILES
Chief Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE INSURANCE COMPANY | : | CIVIL ACTION |
| 414 Commerce Drive, Suite 100 | : | |
| Fort Washington, PA 19043 | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | |
| | : | |
| DENNIS GLYNN | : | |
| 13470 Damar Drive | : | |
| Philadelphia, PA 19916-1810 | : | |
| and | : | NO. 02-CV-3740 |
| EDWARD KAISER | : | |
| 9913 Crestmont Avenue | : | |
| Philadelphia, PA 19114 | : | |

**<u>DEFENDANT, EDWARD KAISER'S</u>**
**<u>MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF,</u>**
**<u>NATIONWIDE INSURANCE COMPANY</u>**

Defendant, Edward Kaiser, by and through his attorneys, the Law Offices of Stephen W. Bruccoleri and Vincent J. Bonaventura, Jr., Esquire, hereby move for Summary Judgment on Plaintiff, Nationwide Insurance Company's Complaint, and in support thereof, rely upon and incorporate by reference the attached Memorandum of Law and Exhibits attached thereto.

Respectfully submitted,

_____
Vincent J. Bonavantura, Jr., Esquire
Attorney for Defendant, Edward Kaiser

Date: January 14, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONWIDE INSURANCE COMPANY | : | CIVIL ACTION |
| 414 Commerce Drive, Suite 100 | : | |
| Fort Washington, PA 19043 | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | |
| | : | |
| DENNIS GLYNN | : | |
| 13470 Damar Drive | : | |
| Philadelphia, PA 19916-1810 | : | |
| and | : | NO. 02-CV-3740 |
| EDWARD KAISER | : | |
| 9913 Crestmont Avenue | : | |
| Philadelphia, PA 19114 | : | |

**DEFENDANT, EDWARD KAISER'S**
**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, Edward Kaiser, by and through his counsel, the Law Offices of Stephen W. Bruccoleri and Vincent J. Bonaventura, Jr., Esquire, hereby moves this Honorable Court for a Motion for Summary Judgment stating that no genuine issues of material fact exist, and Defendant, Edward Kaiser, is entitled to judgment as a matter of law, and in support thereof, respectfully avers the following:

**PARTIES**

1.      Nationwide Insurance Company, is a corporation organized and existing under the laws of the State of Ohio with a principal place of business located in Columbus, Ohio.

2.      Defendant, Dennis Glynn is an individual who resides at 13470 Damar Drive, Philadelphia, Pennsylvania 19116-1810.

3.      Defendant, Edward Kaiser, is an individual who resides at 9913 Crestmont Avenue, Philadelphia, Pennsylvania 19114.

**JURISDICTION**

4. Jurisdiction of this Court is based upon diversity of citizenship of the parties, pursuant to 28 U.S.C. Section 1332.  The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

5. The underlying claim in this matter arises out of an assault of Edward Kaiser at a business establishment known as Chickie & Pete's Café, in Philadelphia, Pennsylvania on or about December 23, 1999.  Therefore, venue properly lies with this Court pursuant to 28 U.S.C. Section 1391(a).

6. Defendant, Edward Kaiser's Motion for Summary Judgment is filed pursuant to Federal Rule of Civil Procedure 56: Summary Judgment.

**FACTS**

7. In March of 2001, Defendant, Edward Kaiser, commenced an action in the Philadelphia Court of Common Pleas, titled Kaiser vs. Rose, et al., March Term, 2001, No. 2113 (the Kaiser action); Defendant, Dennis Glynn, is a named Defendant in the Kaiser action.  See a copy of Kaiser Amended Complaint attached hereto and marked as Exhibit "A".

8. In the Kaiser Amended Complaint, Kaiser states that on or about December 23, 1999, while Edward Kaiser was a lawful business invitee within the premises known as Chickie & Pete's Café, a physical altercation occurred wherein Edward Kaiser was physically assaulted and/or attacked by intoxicated Defendants, Brian J. Rose, Eugene Rose, Dennis Glynn, Joseph Quatrone and Francis McCafferty when a glass bar pitcher was smashed over Edward Kaiser's head and/or side of his face causing Edward Kaiser serious personal injuries.  See paragraph 22 contained within Kaiser Amended Complaint attached hereto and marked as Exhibit "A".

9. As well, contained within the Kaiser Amended Complaint are factual allegations indicating that Defendant, Chickie & Pete's Café allowed these Defendants to consume

substantial amounts of alcoholic beverages so as to become apparently, actually and visibly intoxicated to such an extent that it became unreasonable, unlawful and negligent for Defendants to continue to serve alcoholic beverages to Brian J. Rose, Eugene Rose, Dennis Glynn, Joseph Quatrone and Dr. Francis McCafferty.

10. The Kaiser Amended Complaint asserts that the conduct involved was "an accident", but negligently inflicted "see paragraphs 43-45 and 47 in Amended Complaint, and that to the extent an assault occurred, it was perpetrated by individuals to whom Chickie & Pete's Café continued to serve alcohol after they were visibly intoxicated".

11. The Kaiser Amended Complaint asserts a cause of action against Defendant, Dennis Glynn for assault, along with <u>allegations</u> that the same was negligently inflicted; said Complaint also includes a Dram Shop action against Chickie & Pete's Café for its continued service of alcohol to Defendant, Glynn after he was visibly intoxicated, as stated above.

12. As of this date, despite the allegations of intoxication contained within Plaintiff's Complaint, Plaintiff, Nationwide Insurance Company does <u>not</u> have a shred of evidence in its possession to show that Defendant, Glynn was <u>not</u> intoxicated at the time of the alleged assault; Plaintiff does not have evidence in it's possession evidence to show that the allegations in the Kaiser action have been limited to exclude the Dram Shop aspect of this case, or to eliminate the allegations that the alleged assault was negligently inflicted, both of which are necessary to establish Plaintiff no longer has a duty to defend Glynn in the Kaiser action.

13. As well, Plaintiff does <u>not</u> have evidence in it's possession to show that the allegations in the Kaiser action have been limited to exclude the Dram Shop aspect of the case, or to eliminate the allegations that the alleged assault was negligently inflicted, both of which are necessary to establish Plaintiff does not have a duty to indemnify Glynn in the Kaiser action.

14. At the time of the incident in the Kaiser Amended Complaint, Dennis Glynn was the named insured under a Nationwide Homeowners Policy Number 58 37 HO 792785 (the "Nationwide Policy") a true and correct copy of the pertinent portions of the Nationwide Policy is attached hereto and marked as Exhibit "B".

15. The personal liability coverage of the Nationwide Policy provides coverage for "damages the insured is legally obligated to pay due to an occurrence". The Amendatory Endorsement to the policy defines "occurrence" as:

> Bodily injury or property damage resulting from an accident, including continuous or repeated exposure to the same general conditions. The occurrence must be during the policy period.

16. The factual allegations of the Kaiser Complaint as evidenced and attached hereto as Exhibit "A" also sound in negligence, as stated above, and are clearly contained within paragraphs 43-45 and 47 of Kaiser's Amended Complaint. Witnesses, Michael Davies and Nicholas DiNatale were present within the Chickie & Pete's Café on December 23, 1999, and witnessed Dennis Glynn's involvement with Kaiser at the ground of the above-referenced business establishment; see a copy of Affidavits of witnesses, Michael Davies and Nicholas DiNatale attached hereto and collectively marked as Exhibit "C".

17. Defendant, Edward Kaiser, avers that no genuine issues of material fact exist and Kaiser is entitled to judgment as a matter of law in that Plaintiff, Nationwide has an obligation to defend Defendant Glynn in the Kaiser action until the claims asserted therein have been limited to an event which is outside the scope of coverage, which to date, no such claim has been made a part of this record.

**LEGAL ARGUMENT**

Summary Judgment is appropriate where, in light most favorable to the non-moving party, the moving party demonstrates that "there is no genuine issue as to any material fact and that [it]is entitled to judgment as a matter of law". Federal Rule of Civil Procedure 56(c). To defeat a Summary Judgment Motion, the Plaintiff can not merely restate the allegations of the Complaint, nor can it rely on self-serving conclusions unsupported by specific facts in a record, but must point to evidence in the record which supports each essential element of it's case". Stauffer vs. William Penn School District, 829 F. Supp. 742, 747-48 (E.D. Pa. 1993); Maksin vs. United Steel Workers of American, 136 F. Supp. 2nd 375, 379 (E.D. Pa. 2000) ("unsupported assertions, conclussory allegations or mere suspicious beliefs will not defeat a Motion for Summary Judgment"). Moreover, a "proper Motion for Summary Judgment will not be defeated merely by colorible or insignificantly probative evidence". Bulick vs. Children's Hospital of Philadelphia, 71 F. Supp. 2d. 482, 485, (E.D. Pa. 1999) (citing Henderson vs. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

### A. PLAINTIFFS HAVE FAILED TO PROVE ANY CLAIM OUTSIDE THE SCOPE OF THE TERMS OF IT'S INSURANCE POLICY TO DEFENDANT, DENNIS GLYNN

Summarily, the Kaiser Complaint alleges that at the time of the alleged assault, the Defendants were intoxicated. Under Pennsylvania Law, this prevents the insured from forming an intent so as to defeat the insurance coverage. "Imbibed toxicants must be considered in determining if the actor has the ability to formulate intent. If the actor does not have the ability to formulate an intent, the resulting act can not be intentional. State Farm Fire and Casualty Company vs. Dunlevy, 197 F. Supp. 2d 183 (E.D. Pa. 2001), citing Stidham vs. Millvale Sportsman's Club, 618 A.2d 945. In the underlying action, Plaintiff has failed to set forth a claim and/or failed to set forth evidence to show that Defendant Glynn was not intoxicated at the

time of the alleged assault. Moreover, absent any evidence showing Defendant Dennis Glynn was and/or was not intoxicated, no genuine issues of material fact exist and under the terms of the policy, as written, Defendant, Edward Kaiser is entitled to judgment as a matter of law. Assuming arguendo that Defendant Dennis Glynn was intoxicated, and consistent with Kaiser's petition within the allegation within Kaiser's Amended Complaint, well settled principals by this Honorable Court should be followed, in that "if the actor does not have the ability to formulate an intent, the resulting act could not be intentional, expected or intended. Stidham, supra., citing Nationwide Mutual Insurance Company vs. Hassinger , 473 A.2d 171 (Pa. Supra. 1984). As well, " an individual who is intoxicated at the time of the alleged occurrence, of an assault, may not have the capacity to form an intent, rendering the assault a negligent act, not an intentional act. Scopel vs. Donegal Mutual Insurance Company, 698 A.2d 602 (Pa. Supra. 1997).

Where the allegations of an intoxication at the time of the assault are included within the Complaint, the insurer has the duty to defend the insured through the litigation and indemnify him in the event of an adverse verdict.

Summarily, since Plaintiff does not have evidence in his possession to show that Defendant Glynn was not intoxicated at the time of the alleged assault, which certainly would refute those allegations contained within the underlying Amended Complaint, Defendant, Edward Kaiser, is entitled to Summary Judgment as a matter of law as no genuine issues of material fact exist.

### B. THE KAISER COMPLAINT SPECIFICALLY ALLEGES THAT THE ASSAULT WAS NEGLIGENTLY INFLICTED; SEE PARAGRAPHS 43, 45 AND 47

The allegations contained within the Kaiser Complaint assert that Defendants were visibly intoxicated, but were continuously served alcohol by the employees of Chickie & Pete's Café, as those allegations are described in the Amended Complaint as an accident, and assert that

the accident or actions were negligent.  See paragraphs 43-45, and 47 of the Kaiser Complaint.

The Kaiser Complaint sets forth a cause of action, sounding in negligence, describing an occurrence under the policy, for which no exclusion is applicable.  See a copy of Nationwide Policy attached hereto and already marked as Exhibit "B"; the contents of the insurance policy speak for itself.  Finally, the Complaint asserts that the conduct involved was "an accident", was negligently inflicted, and that to the extent an assault occurred, it was perpetrated by individuals to whom Chickie & Pete's Café continued to served alcohol after they were visibly intoxicated, precluding Defendant Glynn from formulating any intent to cause injury, which is argued above.

Accordingly, since the Kaiser Amended Complaint is clear in it's allegations of negligence against the Defendant actors, including the insured, Dennis Glynn, Edward Kaiser is entitled to judgment as a matter of law, as no genuine issue of material fact exist and those allegations fall squarely within the scope of coverage of the policy insuring Defendant, Dennis Glynn.

## **CONCLUSION**

For all the foregoing reasons, Defendant, Edward Kaiser, respectfully requests that this Honorable Court GRANT summary judgment in his favor, and against Plaintiff, Nationwide Insurance Company, and conclude that no genuine issues of material fact exist and that Defendant, Edward Kaiser is entitled to judgment as a matter of law in ordering Plaintiff to defend Defendant Glynn until the claims asserted therein have been limited to an event which is outside the scope of coverage, which to date, they have not.  Furthermore, Defendant, Edward Kaiser, is entitled to judgment as a matter of law due to the lack of any genuine issues of material fact in view of clear allegations of negligence as plead within the Kaiser Amended Complaint in paragraphs 43-45 and 47.

Respectfully submitted,

_____
Vincent J. Bonavantura, Jr., Esquire
Attorney for Defendant, Edward Kaiser

**CERTIFICATION OF SERVICE**

      Vincent J. Bonaventura, Jr., Esquire hereby certifies that he has served a true and correct copy of the within pleading upon all counsel and parties of record on the date below via U.S. Mail, postage prepaid.

**Date: January 14, 2003**

                                                              Vincent J. Bonavantura, Jr., Esquire
                                                              Attorney for Defendant, Edward Kaiser